## Sharpe's Appeal.

1. Where letters of administration have been issued to a competent person they will not be revoked upon the subsequent claim of one who was incompetent at the time of the grant.

2. At the instance of the kindred and creditors of a non-resident decedent letters of administration upon his property in this state were granted to a competent person. After the grant the widow of the decedent came into the state to reside, and at her request the register revoked his grant and issued letters to her. *Held,* that he had no power to vacate the original grant.

May 14th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Appeal from the Orphans' Court of *Cumberland county :* Of May Term 1878, No. 189.

Appeal of A. B. Sharpe from the decree of the court confirming the revocation by the register of letters of administration granted to appellant, upon the estate of Robert E. Sharpe, deceased, and the issue of letters to Delia R. Sharpe, widow of said decedent.

The facts were these : Robert E. Sharpe died childless and intestate in New Orleans, Louisiana, on the 13th of January 1876. He died possessed of certain real estate in Cumberland county, Pennsylvania, part of which was encumbered. Previous to 1869 he had lived in Cumberland county, but in that year went to Louisiana, where he purchased an orange plantation. While in Louisiana he married the appellee, a resident of New Orleans. From 1869 to the day of his death he continued to reside in Louisiana, returning to Pennsylvania occasionally to look after his property here. The decedent left both blood-relatives and mortgage and other creditors in Cumberland county. On May 25th 1876, at the instance of these kindred and creditors, letters of administration on his estate in Cumberland county were issued to appellant by the deputy register of the county. Four months had expired from the death of decedent at the time this application was made. No notice was given to the widow, as it appeared to have been assumed that she was not entitled to administer, nor had the appellant any intimation that she made claim thereto until after letters were issued to him.

On the 29th of June, following, the appellee entered her caveat against the granting of letters to appellant, and requested a citation

to be issued to him to show cause why the letters granted should not be revoked and letters granted to her; which citation was issued and made returnable on the 24th of July. The parties appeared on that day and were heard, and evidence offered and taken; after which the register filed an opinion revoking the letters granted to appellant and issued letters to appellee.

From this decision of the register Mr. Sharpe entered his appeal to the Orphans' Court, on the 10th of August 1876, returnable on the 13th of September, of which appellee was notified by the register, after which the case was heard by the Orphans' Court, where the action of the register was affirmed, and hence this appeal.

*John Hays,* for appellant.—The appellee not being a resident of Pennsylvania the grant of letters to her was void: Act of March 15th 1832, sect. 27; Act of March 29th 1832, sect. 27; Sarkie's Appeal, 2 Barr 157.

*L. Todd* and *A. M. Rhoads,* for appellee.—Robert E. Sharpe did not change his domicile. He did not remove from the state with an intention to permanently reside elsewhere: Ex parte Casey, 1 Ash. 126; Peters *v.* Coby, 24 Pitts. L. J. 99. The domicile of the husband is the domicile of the wife: Dougherty *v.* Snyder, 15 S. & R. 84; Hollister *v.* Hollister, 6 Barr 449. The appellee was therefore competent at the time of the issue of letters to appellant and she did not renounce.

Mr. Justice TRUNKEY delivered the opinion of the court, May 27th 1878.

On behalf of the appellee it is averred that the decedent's domicile, at the time of his death, was in Pennsylvania. Starting with this premise, the argument is conclusive of her right to administer his estate. The structure is complete, but the evidence reveals that it has not even a foundation of sand. The contest was commenced by Delia R. Sharpe's affidavit, showing "that she is the widow of Robert E. Sharpe, late of the city of New Orleans, La.," followed by testimony that he became a resident of that state in 1869, was married there, and resided there till his death, in 1876; and concluded by the register and court, respectively, treating it as an unquestioned fact that his domicile was in Louisiana, and that his widow abandoned her home and came to Pennsylvania in the following June.

Over four months after the decedent's death letters of administration of his estate, in Pennsylvania, were granted to A. B. Sharpe. All interested persons, who then resided in this state, were and are content. There was no unseemly haste in taking out letters, nor is cause for removal assigned, or any pretence that it exists. The revocation was for the alleged reason that the letters were improvi-

[Sharpe's Appeal.]

dently granted, and, if they were, there was no error. The inquiry is narrowed to the single question, when letters have been rightly issued will they be revoked on subsequent claim of one who was of full age and incompetent at the time of the grant? No statute or precedent warrants such a procedure. The law provides for granting letters during minority, subject to be terminated at the instance of the person entitled on his arrival at full age; for the removal of an administrator for cause; for revocation of letters improvidently granted. But when letters were lawfully issued to a fit person, with consent of every one who was entitled before him, he is not subject to arbitrary dismissal.

It was said by the learned judge that letters were "granted to the appellant improvidently by the deputy, without any notice to the widow or assent on her part." Neither notice to her, nor her assent, was necessary, for the conclusive reason that she was a non-resident of the state, and, therefore, incompetent to administer: Sarkie's Appeal, 2 Barr 157. Notice to and assent of persons to whom letters cannot be granted, because they are non-residents, are never required before the issuing of letters to a fit and competent person. The subsequent coming into the state by the incompetent widow or kindred of the deceased, does not make that improvident which was providently done.

Decree reversed, and now it is considered and decreed:

1. That the order of the register, revoking the letters issued to A. B. Sharpe, be set aside.

2. That the letters granted to Delia R. Sharpe be and are hereby vacated.

3. That the costs of this appeal, and in the Orphans' Court, and before the register, be paid by the appellee.