## Knell's Estate.

*Executors and administrators—Appointment—Administration d. b. n. c. t. a.—Nonresident legatees.*

Letters of administration d. b. n. c. t. a. which have been granted at the instance of a resident legatee, will not be revoked upon the application of nonresident legatees, where the application for revocation is not made until the expiration of more than a year from the grant of the letters and where there is nothing to show that the administrator had acted improperly, or that objection to his appointment could not have been made more promptly.

Argued March 14, 1911. Appeal, No. 10, March T., 1911, by Susie J. Linthicum et al., from decree of O. C. York Co., dismissing appeal from register of wills in estate of Joseph Knell, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from register of wills.

BITTENGER, J., filed the following opinion.

It appears from the record returned that the register of wills granted letters testamentary in the estate of Joseph

Knell, late of Peach Bottom township, deceased, on November 18, 1904, to Elizabeth M. Knell and Wilson Z. Macomber, the executors named in the will. After a partial administration and the filing of an account by the executor and executrix on September 18, 1905, showing a balance of $102.07, of personalty, W. Z. Macomber, was, on his petition discharged as executor; and Elizabeth M. Knell, to whom the whole estate was devised and bequeathed for life, died June 4, 1909.

On June 9, 1909, letters of administration d. b. n. c. t. a. were granted to Hugh W. Ramsay, without notice to the appellants, who lived in the city of Baltimore, Md., on the request of Lettie L. McLaughlin, now Poff, residing in Pennsylvania, the only legatee named in the will entitled to letters, and who renounced in favor of said Hugh W. Ramsay. He administered the estate without interruption until March 16, 1910, when the petition of the appellants was filed for a revocation of the letters of administration.

April 4, 1910, he filed his account, showing a balance in his hands of $187.18, to which account exceptions were filed by the appellants.

The register, Milton J. Herbert, finds in his action on the proceedings for the revocation of letters to Hugh W. Ramsay, the fact that the proper person entitled to letters d. b. n. c. t. a., Lettie Lucinda Poff, at whose request Hugh W. Ramsay was appointed, the only party in interest in this commonwealth; that at the granting of said letters he had no knowledge of any conflict of interest as set forth in the petition; that so far as he knows, the alleged conflict of interest between the estate of Joseph Knell and Elizabeth M. Knell, of whose will Hugh W. Ramsay is executor, has developed since the granting of the letters. He concludes as follows: "In view of this circumstance and in view of the further circumstance that the opposing interests as between the two estates are not personal to the administrator and of the circumstance that protection for parties in interest may be secured by filing exceptions to the administrator's account, I deem it ad-

visable to leave the determination of the controversy upon this point to the orphans' court rather than disturb the existing status prior to a determination of the question by the court. I therefore decline to revoke the letters except in the event hereinafter stated" (the failure to file an additional bond, which was filed).

In addition to the reasons already referred to, the long period of time the administrator, Hugh W. Ramsay, was allowed to act without legal objection, and the matter of adding costs and expenses to the administration, are against interfering with the adjudication by the register of wills. The appellants have admittedly filed exceptions to the account of Mr. Ramsay, and all the questions raised, as to the failure to charge himself with the whole estate of Joseph Knell, can then be adjusted, as suggested by the register of wills. The appellants will not be deprived of any rights.

And now, June 10, 1910, the appeal is dismissed, at the costs of the appellants.

*Error assigned,* was the decree of the court.

*McClean Stock,* with him *John P. Kell,* for appellants.

*Bright R. Paxton,* for appellee.

OPINION BY RICE, P. J., July 13, 1911:

This is an appeal by certain of the residuary legatees under the will of Joseph Knell, from the decree of the orphans' court dismissing their appeal from the refusal of the register of wills to revoke letters of administration d. b. n. c. t. a., granted to Hugh W. Ramsay. The history of the proceedings is fully and accurately set forth in the opinion of the learned president judge of the orphans' court, and need not be restated at length. But there are certain facts that we deem it important to emphasize. The letters were granted on June 9, 1909, and the petition to revoke was not presented until March 16, 1910; in the

meantime the appellee had proceeded with the administration of the estate, without objection, so far as appears, on the part of anyone. Although it is alleged, in the petition, that the letters were granted without notice to the petitioners, it is not alleged that they presented the petition promptly when knowledge came to them of the death of Elizabeth M. Knell, the executrix, and the appointment of the appellee. The petitioning legatees are nonresidents of the state, and the letters were issued to the appellee upon the nomination of the resident legatee who would have been entitled to them. The assets of the estate are very small. It does not appear that the appellee has not administered them properly. To dismiss him and appoint another in his place would add to the cost and expenses of administration, without advantage to the estate, and it is not necessary to do so in order to protect the interests of the petitioning legatees. In view of all the circumstances, the appellee should not be disturbed in his administration, unless some inflexible rule of law requires it. While sec. 22 of the Act of March 15, 1832, P. L. 135, provides that in all cases of administration with a will annexed, where there is a general residue of the estate bequeathed, the right to administer shall belong to those having the right to such residue, yet sec. 27 of the Act of March 29, 1832, P. L. 190, provides that when any executor or administrator shall have removed from the state the letters may be vacated by the orphans' court, on application of any person interested in the estate. Consequently it has been held—and this is stating the effect of the decisions very conservatively—that the register is not bound to issue letters to a nonresident. But it has also been declared that he is not at liberty to disregard "the clearly expressed wishes" of the parties preferred by law and entitled to the estate, whether they be residents of this commonwealth or be beyond its borders, and grant letters to a total stranger. And it was said, in the same connection, that if the parties who are entitled to the estate are not in

position to administer it themselves, then the trusts should be committed to their nominee: Jones's Appeal, 10 W. N. C. 249. But in this case the appointment was not made contrary to the clearly expressed wishes of the nonresident legatees. They did not appear to express their wishes until nearly a year after the letters had been granted to the appellee; and the only legatee who did appear, and who alone had a right to demand that letters be issued to a legatee, requested his appointment. As was said in Frick's Appeal, 114 Pa. 29, cases may arise where letters have been granted to fit persons, without assent of nonresident parties in interest, which should be revoked upon their application. But the decision and the reasoning of the opinion in the same case clearly imply that this is not an inflexible rule. See also: Sarkie's Appeal, 2 Pa. 157; Sharpe's Appeal, 87 Pa. 163. The appointment of the appellee was not unlawful, nor, in view of the circumstances, was it improvident. In concluding the opinion of the court in Sarkie's Appeal, 2 Pa. 157, Justice Sergeant said: "There is nothing in the case, under these circumstances, which, we think, would authorize us to disturb what has been done, and create unnecessarily new embarrassment, delay, or litigation." We think the same may be said, with equal propriety, in the present case.

The decree is affirmed and the appeal dismissed at the costs of the appellants.