---

### In re SCUTELLA'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 24*) — RIGHT TO ADMINISTRATION — ITALIAN CONSULS.

The treaty of May 8, 1878 (20 Stat. 732), between the United States and Italy, by article 17, provides that the respective consuls shall enjoy in both countries all the rights and privileges which are or hereafter may be granted to the officers of the same grade of the most favored nation. The treaty of July 27, 1853 (10 Stat. 1009), between the Argentine Republic and the United States, by article 9, provides that, if any citi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

zen of either country die without will in the territory of the other, the consul of the nation to which decedent belongs shall have the right to intervene in the administration of decedent's estate conformably with the law, for the benefit of creditors, etc. *Held,* that the Italian consul was entitled to letters of administration upon the estate of an Italian subject killed in this country, as against a creditor of decedent.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 24.*]

2. TREATIES (§ 11*)—OPERATION—INCONSISTENT LAWS.

Under Const. U. S. art. 6, § 2, the courts of every state are bound by the provisions of treaties between the United States and foreign countries, though they conflict with the state Constitutions or laws; the treaties being the supreme law of the land.

[Ed. Note.—For other cases, see Treaties, Cent. Dig. § 11; Dec. Dig. § 11.*]

Appeal from Surrogate's Court, Cattaraugus County.

In the matter of the administration of the estate of Frank Scutella. From a decree of the Surrogate's Court (69 Misc. Rep. 514, 127 N. Y. Supp. 874), directing the issuance of letters of administration, an appeal was taken. Reversed, and letters issued to appellant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Lanza & Miceli, for appellant.
Nevins & Black, for respondent.

WILLIAMS, J. The decree, should be reversed, and letters issued to the appellant, upon his giving a bond, to be approved by the surrogate.

The deceased died as the result of an accident upon the Pennsylvania Railroad. His age does not appear. He left no will, no widow or children, but a father, mother, and one brother, residing in Italy, and one brother, living in Olean, Cattaraugus county, his only near relatives. He left little property, less than $50 in value, and there was the claim against the railroad company for causing his death. The respondent was a creditor of deceased; and had a claim against his estate of $42.60. He was a resident of this state, and made a petition for letters as such creditor. The deceased was a subject of the kingdom of Italy, and a citation was issued by the surrogate and served upon the appellant, the Italian consul, residing in Buffalo, to show cause why letters should not be issued to the petitioner. The appellant appeared on the return of the citation, and asked that letters be issued to him in preference to the petitioner. The facts were agreed upon as hereinbefore stated, and the decree appealed from was made after argument of counsel, and an opinion written by the surrogate. The appellant did not and does not ask to be relieved from giving a bond as in case of a resident administrator.

[1] The appellant bases his right to administration upon the treaty between the United States and Italy. Article 17 of the treaty of May 8, 1878 (20 Stat. 732), provides that:

"The respective consuls general, consuls, * * * shall enjoy in both countries, all the rights, prerogatives, immunities and privileges, which are,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or may hereafter, be granted to the officers of the same grade of the most favored nation."

Under this article the appellant claims he is entitled to all the rights, privileges, and prerogatives extended to the consuls of the Argentine Republic under the treaty of July 27, 1853 (10 Stat. 1009), between that country and the United States. Article 9 of the latter treaty provides, viz.:

"If any citizen of either of the two contracting parties shall die without will or testament, in any of the territories of the other, the consul general or consul of the nation to which the deceased belonged, or the representative of such consul general or consul in his absence, shall have the *right to intervene in the possession, administration and judicial liquidation of the estate of the deceased, conformably with the laws of the country, for the benefit of the creditors and legal heirs.*"

[2] These treaties are the supreme law of the land, and the judges of every state are bound thereby, anything in the Constitution or laws of any state to the contrary, notwithstanding. Section 2, art. 6, Constitution of the United States. The only question here involved is, therefore, the construction of these words "the right to intervene," etc., in article 9 of the Argentine treaty.

There have been several decisions by surrogates in this state upon this question, but none by any appellate court. It is therefore very proper that this court should indicate its views in the present case. In 1900, Surrogate Silkman, of Westchester county, held without any extended discussion that this clause gave the Italian consul prior right to administration. In re Fattosini, 33 Misc. Rep. 18, 67 N. Y. Supp. 1119. In 1901, Surrogate Thomas, of New York City, took occasion to disagree with Silkman, S., in the Fattosini Case, and to hold that this clause did *not* give an Italian consul the prior right to administration. This discussion was more or less obiter, however, because he granted administration to the consul in that case on other grounds. In re Logiorato, 34 Misc. Rep. 31, 69 N. Y. Supp. 507. In 1902, Silkman, S., again considered the question, and in an exhaustive opinion upheld his former decision, discussed the decision of Thomas, S., in the Logiorato Case, and again held the consul had the prior right to administration. In re Lobrasciano, 38 Misc. Rep. 415, 77 N. Y. Supp. 1040.

I think this opinion should be followed by us, because the reasoning is sound and unanswerable. I do not need to quote from it here, or to reiterate in my own language the argument there made. It is in the reports, and may be read there. In 1907, Surrogate Van Duzee, of Albany county, followed Silkman, S., in the Lobrasciano Case, and granted administration to the consul, in preference to a brother and creditor of the deceased, saying this course had been the practice of his court for many years, and had been adopted by many jurisdictions in this state and in Massachusetts, citing McEvoy v. Wyman, 191 Mass. 276, 77 N. E. 379, and In re Silvetti, 66 Misc. Rep. 394, 122 N. Y. Supp. 400. In the McEvoy Case, above referred to, and In re Arduint, 9 Ohio, N. P. 369, the views of Silkman, S., were approved

and followed. Davie, S., in this case adopts the reasoning of Thomas, S.

Decree reversed, with costs to appellant, payable out of the estate, and matter remitted to the surrogate, to be disposed of in accordance with opinion. All concur.