### In re BAGLIERI'S ESTATE.

(Surrogate's Court, New York County. June 10, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 24*)—RIGHT TO ADMINISTER ESTATE—FOR-
EIGN CONSULS.

The most favored nation clause in the treaty with Italy of May 8, 1878
(20 Stat. 732, art. 17), gives an Italian consul the right to administer the
estate of an Italian citizen dying intestate in the United States; this
right being given consuls of Paraguay and Sweden by the treaty with
Paraguay of February 4, 1859 (12 Stat. 1096, art. 10), and the convention
with Sweden.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 132–140; Dec. Dig. § 24.*]

In the matter of the estate of Vincenzo Baglieri, deceased. Let-
ters of administration directed to be issued.

Richard E. Weldem, of New York City, for petitioner.
Gino C. Speranza, of New York City, for Italian consul.

FOWLER, S. The decision of the United States Supreme Court
in the case of Rocca v. Thompson, 223 U. S. 317, 32 Sup. Ct. 207,
56 L. Ed. ——, which affirmed a judgment of the Supreme Court of
the state of California holding that the public administrator was enti-
tled to letters of administration upon the estate of an Italian citizen
dying intestate in California, resulted from a consideration of the
provisions contained in the treaty between the United States and the
Argentine Republic as to the rights and powers of their respective
consular officers; it being assumed by the court in its decision that
the rights and powers so conferred inured to the benefit of similar
officers of the government of Italy by virtue of the favored nation
clause (article 17) contained in the treaty of 1878 (20 Stat. 732) be-
tween the United States and Italy. No question was presented to or
considered by the court as to the rights and powers of the Italian con-
sular officers with reference to the administration of estates of Italian
citizens acquired by virtue of such clause under treaties made by the
United States with other countries than Argentina. The Argentine
treaty (article 9, Treaty of 1853 [10 Stat. 1009]) secured to the con-
sular officers therein specified "the right to *intervene* in the possession,
administration and judicial liquidation of the estate of the deceased,
conformably with the laws of the country, for the benefit of the
creditors and legal heirs." This language, the United States Su-
preme Court held, laying great stress on the term "intervene" and
defining the sense in which it was used in the article, did not au-
thorize or provide for the appointment of any of the consular offi-
cers mentioned in the article as administrator of the estate of any
decedent referred to therein.

Article 10 of the treaty between Paraguay and the United States
(Treaty of 1859 [12 Stat. 1096]), expressly and unequivocally gives
to the consul general, consul, or vice consul of Paraguay or his
representative the right to name an administrator of the estate of
a citizen of his nation who had died in this country intestate. The
convention between Sweden and the United States unmistakably de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

clares that the consul general, vice consul general, or vice consul of Sweden shall have the right to be appointed administrator of the estate of a citizen of his country dying in this country. Article 17 of the treaty between the United States and Italy provides that:

"The respective consuls general, consuls, vice consuls and consular agents, as likewise the consular chancellors, secretaries, clerks or attaches, shall enjoy in both countries all the rights, prerogatives, immunities and privileges which are or may hereafter be granted the officers of same grade of the most favored nation."

Under this article there can be no doubt that the provisions in our treaties with Sweden and Paraguay, so far as they relate to the powers and rights of consular officers with reference to the administration of the estates of citizens of their respective countries, were conferred on like representatives of the Italian government. McEvoy v. Wyman, 191 Mass. 276, 77 N. E. 379; In re Scutella's Estate, 145 App. Div. 156, 129 N. Y. Supp. 20; Rocca v. Thompson, supra, and cases therein cited. From the foregoing it is obvious that the consul general of Italy is entitled to letters of administration on the estate of the intestate, who was a citizen of Italy and died in this country, in preference to the petitioner, who is a brother of the intestate and one of his next of kin.

Submit decree at once on notice, directing letters to issue to the consul general of Italy.