## In re SZABO'S ESTATE.

(Surrogate's Court, New York County. October 30, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 24\*) — ALIENS — RIGHT TO ADMINISTER — VICE CONSUL.

Where a subject of Hungary died testate but her property passed as in cases of intestacy, due to the death of the sole beneficiary under the will prior to the death of testatrix, the Austria-Hungarian vice consul was authorized to apply to the surrogate's court for the removal of the executor and for letters of administration to be issued to himself as the representative of testatrix's next of kin under the express provisions of the Austria-Hungary Treaty of June 26, 1871, art. 8 (17 Stat. 825), and the most favored nation clause of the Spanish Treaty of July 3, 1902, arts. 21, 27 (33 Stat. 2114, 2119), made applicable to Austria-Hungary by articles 4b and 15 of its treaty with the United States.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.\*]

Judicial settlement of the estate of Rusena M. Szabo. Application by the Austria-Hungarian vice consul to revoke letters testamentary granted on such estate and to such consul as administrator, etc. Granted.

Arpad A. Kremer, of New York City, for petitioner.
Charles Goldzier, of New York City, for executor.

FOWLER, S. The testatrix was a subject of Austria-Hungary at the time of her death. She left a will admitted to probate by the Surrogate's Court of this county, upon which letters testamentary were issued to the respondent. The will effected no disposition of her property by reason of the fact that the sole beneficiary designated therein predeceased her. Her personal property, of which her estate consists, therefore passes as in cases of intestacy, and her next of kin entitled to the same are subjects of Austria-Hungary. The vice consul of that nation has brought this proceeding to remove the respondent and revoke his letters upon the grounds alleged in the petition and which are sufficient for the purpose, and the allegations are not disputed. The only question presented is as to the right of the consul to maintain the proceeding. I have no doubt that he has the right. This right is conferred on the consul by article 8 of the treaty of June 26, 1871 (17 Stat. 825), between his country and the United States, which gives to the consuls general, consuls, vice consuls, and other officials therein mentioned the right to apply to the judicial authorities within their district for the purpose of protecting the rights of their countrymen. It is further assured to him by articles 21 and 27 of the Spanish treaty of 1902 (33 Stat. 2114, 2119), entered into by Spain and this country, which is made applicable to Austria-Hungary by articles 4b and 15 of its treaty with the United States (17 Stat. 824, 831), which secures to its consuls general, consuls, vice consuls, and other designated officers the same privileges, powers, liberties, and immunities as similar functionaries of the most favored nation. The Spanish treaty with this country (1902, arts. 21 and 27) gives to consuls general, con-

suls, vice consuls, and certain other mentioned officials the right to represent the absent next of kin of the citizens or subjects of their country who shall die within their consular jurisdiction for the purpose of protecting their rights and interest. Under these treaties there is no doubt of the ability of the vice consul who has initiated this proceeding to maintain it. Carpigiani v. Hall, 172 Ala. 287, 55 South. 248; Von Thodorovich v. Franz Josef Ben. Ass'n (C. C.) 154 Fed. 911; In re Alexander Nagy, N. Y. Law Jour., July 31, 1909, Surr. Decs. 1909, p. 464; Estate of Vincenzo Baglieri (Sur.) 137 N. Y. Supp. 175.

Application to revoke the letters of respondent granted. Notice decree for settlement.