(Surrogate's Court, Schenectady County.   December 31, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 24*)—PERSONS APPOINTED—FOREIGN CONSUL.

> The convention between the United States and Sweden proclaimed March 20, 1911 (37 Stat. ——), providing that, on the death of any citizen of the contracting parties intestate in the territory of the other, the consul, etc., of decedent's nation shall, so far as the laws of each country permit, pending the appointment of an administrator, take charge of the property for the benefit of decedent's lawful heirs and creditors, "and moreover have the right to be appointed as administrator of such estate"; and article 17 of the treaty between Italy and the United States of May 8, 1878 (20 Stat. 725), provides that the respective consuls, etc., shall enjoy in both countries all the rights granted to the officers of the same grade of the most favored nation.  *Held* that, where an Italian subject dying intestate in the United States had no relative here entitled to succeed to his personalty, the Italian consul had the prior right of administration of his estate.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.*]

In the matter of the application for the revocation of letters of administration issued to Giovanni Lombardi on the estate of Carmine Costello, deceased, and for the issuance of letters of administration to the Italian consul, Germano P. Baccelli.  Application granted.

Countryman, Nellis, Du Bois & McDermott, of Albany, for applicant.

Leary & Fullerton, of Saratoga Springs, for Lombardi.

VEDDER, S.  Carmine Costello was a subject of the kingdom of Italy, and died intestate in Schenectady county May 26, 1912, leaving him surviving a widow and two minor children, his sole next of kin, aliens residing in Italy.  Giovanni Lombardi, the person who was appointed administrator of his estate, was a cousin of decedent, residing in the city of Schenectady, and was appointed without issuance or service of citation upon the Italian consul, who makes the application for the revocation of the letters of administration in this proceeding.  The petition for letters of administration was made on the 20th day of August, 1912, and letters issued to the said Giovanni Lombardi on the 20th day of August, 1912.

The petition of Giovanni Lombardi did not allege that the said deceased was at the time of his death an alien and a citizen of the kingdom of Italy.  The convention between the United States and Sweden, proclaimed, March 20, 1911 (37 Stat. ——), provided:

"In the event of any citizen of either of the two contracting parties dying without will or testament, in the territory of the other contracting party, the consul general, consul or vice consul of the nation to which the deceased may belong, or, in his absence, the representative of such consul general, consul or vice consul, shall, so far as the laws of each country will permit, and pending the appointment of an administrator and until letters of administration have been granted, take charge of the property left by the deceased, for the benefit of his lawful heirs, and creditors, and, moreover, have the right to be appointed as administrator of such estate."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The treaty of May 8, 1878, between Italy and the United States (20 Stat. 725), by article 17, provides:

"The respective consuls, vice consuls and consular agents, as likewise the consular chancellors, secretaries, clerks or attachés, shall enjoy in both countries all the rights, prerogatives, immunities and privileges which are or may hereafter be granted to the officers of the same grade of the most favored nation."

There being no relative in this country who would be entitled to succeed to the personal property of the deceased, I am of the opinion that, under that portion of the treaty with Sweden which provides, "and, moreover, have the right to be appointed as administrator of such estate," the Italian consul has the prior right of administration of this estate.

The matter of Salvatore L. Rocco v. George F. Thompson, 223 U. S. 317, 32 Sup. Ct. 207, 56 L. Ed. 453, is not in conflict with, but is in accordance with, this conclusion. In that case the United States Supreme Court construed the provisions of the Argentine treaty and the rights of their respective consular officers, and in construing the provisions of that treaty used this significant language:

"That treaties are a subject of careful consideration before they are entered into and are drawn by persons competent to express their meanings and to choose apt words in which to embody the purpose of the high contracting parties. Had it been the intention to commit the administration of estates of citizens of one country dying in another exclusively to the consul of the foreign nations, it would have been very easy to have declared that purpose, in unmistakable terms. For instance, where that was the purpose, as in the convention between the United States and Sweden proclaimed March 20, 1911, it provided as hereinabove stated."

This language clearly indicates that, had the court been construing the treaty with Sweden, it would have considered its language sufficiently clear and explicit to have entitled the Italian consul to letters in that case. From the foregoing, it is obvious that letters of administration on the estate of Carmine Costello issued to Giovanni Lombardi August 20, 1912, should be revoked, and issued to the Italian consul, Germano P. Baccelli.

Submit decree directing revocation, and issuance of letters of the Italian consul.