(79 Misc. Rep. 371.)

### In re RICCARDO.

(Surrogate's Court, Herkimer County. February 4, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 24*)—RIGHT TO ADMINISTRATION.

Under the treaty with Italy of May 8, 1878, 20 Stat. 725, art. 17, providing that the respective consuls, vice consuls, etc., shall enjoy in both

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

countries all the rights, prerogatives, immunities, and privileges granted to officers of the same grade of the most favored nation, and the convention with Sweden of March 20, 1911, art. 14, providing that where citizens of either of the two contracting parties die without will or testament, in the territory of the other contracting party, the consul general or consul of the nation to which the deceased may belong shall have the right to be appointed administrator of the estate, the Italian consul has a right to administration prior to that of resident creditors on the estate of an Italian subject dying in this state leaving as his heirs at law and next of kin subjects and residents of Italy.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.*]

2. TREATIES (§ 11*)—OPERATION AS TO INCONSISTENT LAWS.

Under the express provisions of Const. U. S. art. 6, § 2, treaties made by the authority of the United States are superior to state constitutions and laws, which, in case of conflict, must give way to the treaty.

[Ed. Note.—For other cases, see Treaties, Cent. Dig. § 11; Dec. Dig. § 11. *]

Application by Frederick Riccardo for the revocation of letters of administration on the estate of Pietro Riccardo, deceased, issued to Germano P. Baccelli. Petition denied.

Timothy Curtin, of Utica, for petitioner.

Countryman, Nellis, Du Bois & McDermott, of Albany, for the Italian consul, opposed.

BELL, S. [1] Pietro Riccardo, a subject of the kingdom of Italy, died intestate on September 29, 1912, in Herkimer county, N. Y., where he resided, leaving him surviving his father, Giuseppe Riccardo, his sole heir at law and next of kin, and his mother, both residing in Italy. He also left said Frederick Riccardo, an uncle and a creditor of deceased, residing in the state of New York. Letters of administration were granted by the surrogate of Herkimer county on October 31, 1912, to Germano P. Baccelli, consul of the kingdom and government of Italy for that portion of the state of New York which includes the county of Herkimer, without citation having been served on said Frederick Riccardo, or any other person and without giving a bond. Frederick Riccardo claims that he is entitled to letters of administration upon the estate of said deceased, and that the letters heretofore granted to said Germano P. Baccelli, the Italian consul, should be revoked.

[2] The petitioner, who is a creditor of decedent, is entitled to letters of administration on the estate of the decedent, unless the Italian consul has a prior right, under the provisions of the treaty between the United States and Italy. "All treaties made or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." Section 2 of article 6 of the Constitution of the United States. Every treaty made by the authority of the United States is superior to the constitution and laws of any individual state, and, if the constitution or law of a state is contrary to a treaty, it must give way to the treaty. Hauenstein v. Lynham, 100 U. S. 483, 25 L. Ed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

628. The treaty of May 8, 1878, between the United States and Italy (20 Stat. 725) in articles 16 and 17 provides:

"Art. 16. In case of the death of a citizen of the United States in Italy or of an Italian citizen in the United States, who has no known heirs or testamentary executors designated by him, the competent local authorities shall give notice of the fact to the consul or consular agents of the nation to which the deceased belongs to the end that the information may be at once transmitted to the parties interested.

"Art. 17. The respective consuls, vice consuls and consular agents, as like-wise the consular chancellors, secretaries, clerks or attaches, shall enjoy in both countries all the rights, prerogatives, immunities and privileges which are or may hereafter be granted to the officers of the same grade of the most favored nation."

The convention between the United States and Sweden proclaimed March 20, 1911, provided:

"Art. 14. In the event of any citizens of either of the two contracting parties dying without will or testament, in the territory of the other con-tracting party, the consul general, consul or vice consul of the nation to which the deceased may belong, or in his absence, the representative of such consul general, consul, or vice consul, shall, so far as the laws of each coun-try will permit, and pending the appointment of an administrator and until letters of administration have been granted, take charge of the property left by the deceased, for the benefit of his lawful heirs, and creditors, and, moreover, have the right to be appointed as administrator of such estate."

In Rocca v. Thompson, 223 U. S. 317, 32 Sup. Ct. 207, 56 L. Ed. 453, the court, in construing the provisions of the Argentine Treaty in connection with the Italian treaty in reference to administration to an Italian consul, said:

"Had it been the intention to commit the administration of estates of citizens of one country dying in another exclusively to the consul of the foreign nation, it would have been very easy to have declared that purpose in unmistakable terms. For instance, where that was the purpose, as in the treaty made with Peru in 1887, it was declared in article 33 as follows: 'Until the conclusion of a consular convention, which the high contracting parties agree to perform as soon as may be mutually convenient, it is stipu-lated that, in the absence of the legal heirs or representatives, the consuls, or vice consuls of either party shall be ex-officio the executors or administra-tors of the citizens of their nation who may die within their consular juris-diction, and of their countryman dying at sea, whose property may be brought within their district.' And in the convention between the United States and Sweden, proclaimed March 20, 1911, it is provided"—quoting as above stated.

I am of the opinion and conclude that under the "most favored na-tion" clause of the Italian treaty and that part of the treaty between the United States and Sweden which provides, "and, moreover, have the right to be appointed as administrator of such estate," and the decisions (In re Baglieri's Estate [Sur.] 137 N. Y. Supp. 175; In re Jarema's Estate [Sur.] 137 N. Y. Supp. 176; In re Lombardi, 78 Misc. Rep. 689, 138 N. Y. Supp. 1007; In re Gurrieri, Orphans' Court, Essex Co., N. J., opinion filed June 20, 1912), the Italian consul has the prior right to administer on this estate.

An order will be signed denying the prayer of the petitioner herein.

There being no personal estate but a claim for the death of decedent, and the petitioner having a claim for $206.40, said Germano P. Bac-celli should file a bond in the sum of $500.