Decree accordingly.

---

(79 Misc. Rep. 653.)

### In re MADALONI'S ESTATE.

(Surrogate's Court, Erie County. March 4, 1913.)

EXECUTORS AND ADMINISTRATORS (§ 24*)—RIGHT OF FOREIGN CONSUL TO LETTERS OF ADMINISTRATION.

> Under the treaty with Sweden of March 20, 1912, giving consuls authority to take charge of the property left by decedents for the benefit of their lawful heirs and creditors, and giving them the right to be appointed administrators, and the "most favored nation" clause of the treaty of 1878 with Italy, the Italian consul is entitled to letters of administration on the estate of a decedent, whose father is a citizen and resident of Italy, as against a brother residing in the county, as a matter of right, and the surrogate has no discretion in the matter.

> [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.*]

Application for revocation of letters of administration upon the estate of Augusto Madaloni, deceased. Letters revoked.

William H. Gorman, of Buffalo (Thomas E. Sullivan, of counsel), for administrator.

Horace Lanza, of Buffalo, for Italian consul.

HART, S. Letters of administration in the above estate were granted to Lonigi Madaloni, a resident of this county, and a brother

of decedent, upon ex parte application. The representative of the Italian consul asks revocation of the letters, claiming a prior right thereto, decedent's father being a citizen and resident of Italy, which application is resisted, with submission of briefs and references to innumerable decisions and treaties.

The treaty with the Argentine Republic of July 27, 1853 (10 Stat. 1005), which contained the clause relating to consuls, consular agents, vice consuls, etc., "shall have the right to intervene in the possession, administration and judicial liquidation of the estate of the deceased, conformably with the laws of the country," left a possible right of discretion with the surrogate to determine priority of right to administration. In Rocca v. Thompson, 223 U. S. 317, 32 Sup. Ct. 207, 56 L. Ed. 453, the right to local administration was reserved to the public administrator as against the Italian consul, affirming decision of the Supreme Court of California. In the opinion of Mr. Justice Day reference is made to the treaty between the United States and Sweden proclaimed March 20, 1911; but the decision seems to be based on a construction of the Argentine treaty, which is not nearly so broad in scope or extension of powers. The treaty of 1878 between the United States and Italy contemplates no power to administer estates vested in the consuls. The treaty with Peru of 1887 provides that, in the absence of the legal heirs or representatives, the consuls or vice consuls of either party shall be ex officio the executors or administrators of the citizens of their nations who may die within their consular jurisdiction. The treaty between the United States and Sweden of March 20, 1911, gives to the consuls and their subsidiaries the authority "to take charge of the property left by the deceased for the benefit of his lawful heirs and creditors," and, moreover, *have the right to be appointed administrator of such estate.* Under the Italian treaty, containing the "most favored nation" clause, the right to administer must be accorded.

I realize this question has been presented to other Surrogate's Courts in this state, particularly in Matter of Baglieri, 137 N. Y. Supp. 175, and Matter of Lombardi, 78 Misc. Rep. 689, 138 N. Y. Supp. 1007. On account of the frequency of applications in this court, wherein the consuls of the various countries are involved, it would seem proper and appropriate that some comment or explanation is made other than merely revoking the letters heretofore issued by formal decree. I am of the opinion, however, that the extended powers derived from the Swedish treaty will engender serious dispute among resident next of kin and the authorized representatives of the various countries, and that the best pecuniary results will not always accrue to the nonresidents entitled to share in these estates.

In the belief, however, that I have no discretion in the premises, a decree may be submitted revoking the letters of administration heretofore granted to Lonigi Madaloni, and the issuing of letters to the Italian consular agent.