## In re D'ADAMO'S ESTATE.

(Surrogate's Court, Jefferson County. May 29, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 24*)—RIGHT TO ADMINISTER ESTATE— FOREIGN CONSULS.

Under the treaty with Italy, an Italian consul is entitled to letters. of administration of the estate of an Italian citizen dying intestate in New York, leaving surviving a widow and child residing in Italy, as. against a brother of decedent residing in New York.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.. Dig. §§ 132–140; Dec. Dig. § 24.*]

2. EXECUTORS AND ADMINISTRATORS (§ 26*)—APPOINTMENT OF FOREIGN CONSUL—BONDS.

A foreign consul, appointed administrator by a decedent, should give a proper bond, where there are creditors of decedent in the state.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.. Dig. §§ 144–170; Dec. Dig. § 26.*]

Application by Giovanni D'Adamo, a brother of Carmine D'Adamo,. deceased, for the revocation of letters of administration issued to. Germano P. Racelli, Italian consul, and for letters to himself and a. third person. Denied.

Gilbert S. Woolworth, of Watertown, for petitioner.
Pitcher & O'Brien, of Watertown, opposed.

ATWELL, S. Carmine D'Adamo, an Italian subject, died in Jefferson county December 9, 1912, intestate, leaving a widow and one child, his only next of kin, residing in Italy. His death was accidental. He left other relatives, one of whom, the petitioner, Giovanni D'Adamo, resides in Jefferson county, but who is not a citizen of the United States.

The deceased left nominal assets only. It is not claimed that he left any creditors in this state. It is claimed that upon his death a cause of action arose in favor of his administrator against the New York Central & Hudson River Railroad Company for negligently causing the death of decedent. On the 12th of December, 1912, letters of administration were issued to the Italian consul upon his application. On the 18th of December, 1912, Giovanni D'Adamo filed his petition, praying for revocation of the letters issued to the Italian consul, and praying that letters be granted to himself and Fred W. Mayhew, who is the treasurer of Jefferson county. A citation was issued to the Italian consul to show cause why his letters should not be revoked. Upon the return day he appeared by counsel and claimed that by virtue of the treaty between the United States government and the kingdom of Italy, he, being the Italian consul for the district

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

including Jefferson county, was entitled to the letters, in the absence of the widow and next of kin, in preference to the petitioner.

[1] I have examined with care the elaborate briefs submitted and the authorities cited by counsel. It seems to me that Rocca v. Thompson, 223 U. S. 317; 32 Sup. Ct. 207, 56 L. Ed. 453, the case chiefly relied upon by petitioner's counsel, is not in point, because the treaty with Sweden, which is invoked here by the respondent under the most-favored nation clause of the treaty with Italy, was not under consideration as the treaty relied upon by the Italian consul in that case. There the Argentine treaty was under consideration, and it was held that the language used did not give the consul right to be appointed administrator, but only "the right to *intervene* in the possession, administration, and judicial liquidation of the estate of the deceased for the benefit of the creditors and legal heirs," and it was held that this language did not authorize or provide for the appointment of a consular officer as administrator of the estate of any decedent mentioned therein. And Mr. Justice Day jointed out in the opinion that, had it been the intention of the high contracting parties to commit the administration of estate of citizens of one country dying in another, exclusively to the consul of the foreign nation, it would have been very easy to have declared that purpose (in the Argentine treaty) in unmistakable terms, and then cites the language employed in the treaty with Sweden as an instance when that was the purpose, and the language used, "And moreover have the right to be appointed administrator of such estates," was unmistakable in meaning. Since the decision in Rocca v. Thompson, several decisions in this state have been rendered in harmony with these views, viz.: In re Baglieri et al., 137 N. Y. Supp. 175; In re Madaloni, 79 Misc. Rep. 653, 141 N. Y. Supp. 323; In re Ricardo, 140 N. Y. Supp. 606 (Herkimer County); In re Lombardi (Costello), 138 N. Y. Supp. 1007 (Schenectady County).

[2] It follows, therefore, that the application must be denied. If it appears that there are creditors of the decedent in this state, the administrator should give a proper bond.