In the Matter of the Estate of CARMINE D'ADAMO, Deceased. GIOVANNI D'ADAMO, Petitioner, Appellant; GERMANO P. BACCELLI, Respondent.

(Supreme Court, Fourth Department, November 12, 1913.)

EXECUTORS AND ADMINISTRATORS—RIGHT OF ITALIAN CONSUL TO LETTERS OF ADMINISTRATION ON ESTATE OF ALIEN—BOND.

> Where an Italian subject dies in this State, intestate, leaving a widow and child residents and subjects of Italy, who succeed to his personal estate, the Italian consul is entitled to letters of administration in preference to the brother of the deceased who has no pecuniary interest in the estate.

> The Italian consul appointed as administrator should give the bond required by section 2664 of the Code of Civil Procedure.

APPEAL by the petitioner, Giovanni D'Adamo, from a decree of the Surrogate's Court of the county of Jefferson, entered in the office of said surrogate on the 19th day of June, 1913, denying a petition to revoke letters of administration issued herein to the Italian consul and for the granting of said letters to the petitioner, Giovanni D'Adamo.

Gilbert S. Woolworth, for the appellant.

Thomas F. McDermott, for the respondent.

KRUSE, P. J.—The appellant, a resident alien and brother of the intestate, also a resident alien, seeks to have revoked the letters of administration issued to the Italian consul, the respondent.

The intestate at the time of his death was a subject of the kingdom of Italy. He left him surviving a widow and child, residents and subjects of that kingdom. The assets left by the intestate, aside from an alleged cause of action for causing

his death, do not exceed fifty dollars in value.   The brother, who seeks revocation of the letters of administration issued to the Italian consul and the appointment of himself as administrator, has no pecuniary interest in the cause of action or in any of the assets left by said intestate.

The surrogate held that the Italian consul was entitled to letters of administration in preference to the brother.

It is urged on behalf of the Italian consul that the brother is not in any event entitled to be appointed administrator, because he has no pecuniary interest in the estate.   If the decision of the Court of Appeals in Lathrop v. Smith (24 N. Y. 417) is still effective, it is unnecessary that the brother should have any pecuniary interest to entitle him to letters of administration.   But that decision was made under the provisions of the Revised Statutes (2 R. S. 74, § 27).   Afterward, and in 1893 (Laws of 1893, chap. 686), these provisions were incorporated in section 2660 of the Code of Civil Procedure with the wording somewhat changed.   The Revised Statutes provided that administration in case of intestacy should be granted to the relatives of the deceased " who would be entitled to succeed to his personal estate."   When this provision was put in the Code the words " who would be " were left out.   (See, also, Code Civ. Proc. § 2660, as amd. by Laws of 1909, chap. 65, and Laws of 1913, chap. 403.)   It is now urged, as it was in the case of Matter of Wilson (92 Hun, 318), that the amendment changed the rule of the Lathrop case, and that the relative must have a present and immediate interest in the particular estate to be administered in order to entitle him as a matter of right to administration.   While, as is pointed out by Mr. Justice MERWIN in the Wilson case, the reasoning of the Lathrop case applies with as much force to the provisions of the statute after the change in its wording as before, it is significant that these words were dropped out.   I am not aware that the appellate courts have passed upon the precise question since that de-

cision, and the views of the surrogates have not been in entire accord respecting the effect of the change in the statute.

In the case of Matter of Lowenstein (29 Misc. Rep. 722), which was after the decision in the Wilson Case (*supra*), it was held that the next of kin of an intestate, although they would not share in his estate, were entitled to letters of administration in preference to the public administrator. But in Matter of Seymour (33 Misc. Rep. 271) it was stated that what was said in the Wilson case respecting the effect of the change in the statute was obiter, and it was held that the change in the statute indicated a legislative intent to restrict the granting of letters of administration to relatives who had an interest in the distribution of the intestate's estate. In that case the intestate left him surviving a widow and child who died subsequent to the decedent, the child first and then the widow, so that their interest in the estate had passed to her legal representatives, and administration was refused to the father of the intestate, who had no interest in the estate. That decision was followed in Matter of Patten (80 Misc. Rep. 482), where it was held that a grandchild who took all of the estate was entitled to letters of administration as against a half brother of the intestate, who took nothing, although the brothers take precedence to grandchildren in the order of granting letters of administration under section 2660 of the Code of Civil Procedure.

There are other surrogates' decisions upon either side of the question, but it is unnecessary to call attention to them.

There is much force in the suggestion that as between two relatives, one of whom is entitled to share in the estate and the other is not, the former should be entitled to preference as against the latter. Whether the statute has effected that change it is unnecessary to decide, since the question here is not between two relatives, but between a blood relative and a stranger (that is, the consul is neither a relative nor has

he any pecuniary interest in the property or claim) ; and there is another question in the case, which, as I think, is decisive of the appeal, to which I will now call attention.

It is contended on behalf of the Italian consul that he is entitled to letters of administration as a matter of right, invoking under the most favored nation clause in the treaty between the United States and Italy, the provisions of the convention between the United States and Sweden, proclaimed March 20, 1911, respecting the rights and privileges of consular agents regarding administration of property of citizens of one nation dying in the territory of the other. This favored nation clause in the Italian treaty provides in substance that the consular agents of the respective nations shall enjoy in both countries all the rights and privileges "which are or may hereafter be granted to the officers of the same grade, of the most favoured nation." (Treaty of May 8, 1878, between the United States and Italy: 1 Malloy's Treaties, etc. [S. Doc. No. 357, 61st Cong. 2d sess. 1909–1910, vol. 47], 977, 982, art. 17.) This clause was under consideration by this court in Matter of Scutella (145 App. Div. 156). That was an appeal from a decision of the Surrogate's Court of Cattaraugus county, made November, 1910. At that time the Swedish treaty had not been proclaimed; but the provisions of the treaty of 1853 between the United States and Argentine Republic were invoked under the favored nation clause contained in the Italian treaty. The Argentine treaty provided that if any citizen of either of the two contracting parties should die without will or testament, in any of the territories of the other, the consul-general or consul of the nation to which the deceased belonged, or the representative of such consul-general or consul, in his absence, should have the right to intervene in the possession, administration and judicial liquidation of the estate of the deceased, conformably with the laws of the country, for the benefit of the creditors and legal heirs. (See 1 Malloy's Treaties, etc.

[*supra*], 20, 23, art. 9.) Surrogate DAVIE held that this provision did not entitle the Italian consul to letters of administration, and appointed a creditor instead. Upon appeal to this court we held to the contrary. Thereafter the same question was presented to the Federal Supreme Court (Rocca v. Thompson, 223 U. S. 317), upon review of a judgment of the Supreme Court of California, and the Federal court held, as did the surrogate and as the California courts had held, that this provision of the Argentine treaty did not give the right to an Italian consul to be appointed administrator of the estate of a subject of Italy, dying in this country, intestate.

The Swedish treaty contains this provision: "In the event of any citizens of either of the two contracting parties dying without will or testament, in the territory of the other contracting party, the consul-general, consul, vice-consul-general, or vice-consul of the nation to which the deceased may belong, or, in his absence, the representative of such consul-general, consul, vice-consul-general, or vice-consul, shall, so far as the laws of each country will permit and pending the appointment of an administrator and until letters of administration have been granted, take charge of the property left by the deceased for the benefit of his lawful heirs and creditors, and, moreover, have the right to be appointed as administrator of such estate." (See 37 U. S. Stat. at Large, 1479, 1487, art. 14; Adv. Sheets Stat., etc., 62d Cong. 1st sess. 1911, Treaties and Conventions, pp. 9, 17, art. 14.)

Under that provision the surrogate held in this case that the Italian consul was entitled to letters of administration. In the Rocca Case (*supra*) Mr. Justice DAY quotes this provision and pointedly calls attention to it as evincing an intention to commit the administration of assets of citizens of one country, dying in the other, exclusively to the consul of the foreign nation. It is true, as counsel for the appellant contends, that what was there said was by why of argument and illustration

and not the decision.   However, it was not a mere inadvertent remark, but was evidently made after mature consideration and is entitled to great weight, as that court is the final authority upon that question.

This declaration of the Federal Supreme Court has been quite generally followed by the surrogates of this State. Among others, the following cases may be cited; Matter of Baglieri (137 N. Y. Supp. 175) ; Matter of Lombardi (78 Misc. Rep. 689) ; Matter of Riccardo (79 id. 371) ; Matter of Madaloni (Id. 653).   The Supreme Court of the State of Minnesota, in a well-considered opinion, has held to the contrary.   (Austro-Hungarian Consul v. Westphal, 120 Minn. 122.)

I do not deem it necessary to enter into an extended discussion of the question.   We reached the conclusion in the Scutella Case (*supra*) that even under the provisions of the Argentine treaty, the Italian consul was entitled to letters of administration, and while that view is not sustained by the decision of the Federal Supreme Court in the Rocca Case (*supra*), I think the plain reading of the provision of the Swedish treaty respecting the right of the consul to be appointed administrator, fortified by what was said in the Rocca case, leads to the conclusion that the surrogate was right in appointing the Italian consul.

As regards the interesting question so well and elaborately discussed in the brief of appellant's counsel, that even if the provisions of the Swedish treaty are susceptible of the construction contended for on behalf of the respondent, it would be in excess of the treaty-making power of the Federal government, and an invasion of the rights of the States, it is sufficient to say that that question was considerd in the Scutella case, and it was held that the treaty was supreme.   The question, however, seems to have been left open by the Federal Supreme Court in its decision in the Rocca case.   I think we should

adhere to our decision in the Scutella case upon that question as well as upon the effect of the most favored nation clause in the Italian treaty.

If the brother had been pecuniarily interested in this estate a different question might be presented. What we decide in this case is this: That where an Italian subject dies in this State intestate, leaving a widow and child, residents and subjects of Italy, who succeed to his personal estate, the Italian consul is entitled to letters of administration in preference to the brother of the deceased, who has no pecuniary interest in the estate.

As regards the point that the consul has not given the bond required by section 2664 of the Code, it would seem that if he is to act as administrator he should give the bond as required by the statute. The mere fact that the persons entitled to share in the estate are subjects and residents of his country and government, I think, does not relieve him from the statutory obligation. There may be claims against the estate. At all events, it seems to me that if he is to act under appointment by our courts, he should comply with the requirement of the statute under which he is appointed. It may be that the appellant is not in a position to raise the question, since he has no pecuniary interest in the estate, but in any event I think the letters should not be revoked without giving an opportunity to comply with the statute in that respect.

The decree of the surrogate should be affirmed, but, under the circumstances, without costs.

All concurred.

Decree affirmed, without costs.