## Uberti's Estate

*Alphonso Santangelo* and *George Maxman*, for petitioner.

*Theodore Lane Bean* and *C. Theo. Maioriello*, contra.

HOLLAND, P. J., September 26, 1935.—This case comes up on the petition of Pio Margotti, Royal Italian Consul General at Philadelphia, for a citation on Vito M. Baldi, administrator of decedent's estate, to show cause why petitioner's appeal from the decision of the register of wills in refusing to revoke the letters of administration granted to respondent should not be sustained.

The petition was filed on September 28, 1934, and a citation was awarded as requested therein returnable October 15, 1934. The citation was served, an answer to the petition filed, and hearings were held on October 29 and November 30, 1934.

The facts are as follows:

Decedent, a naturalized citizen, died on December 22, 1933, a resident of Lower Merion Township. Decedent left no will, and his widow and six adult children, who survived him, were all citizens and residents of Italy. Decedent's only relatives in this country were a sister and her husband, Maria and Luigi Alviti. The latter was summoned when decedent was taken with his last illness and after his death arranged with the administrator, an undertaker, for decedent's funeral. The administrator did in fact bury the decedent and rendered a bill to Luigi Alviti in the amount agreed upon, $850.

On January 8, 1934, the administrator and the brother-in-law came to Norristown, their intention being that the brother-in-law would take out letters of administration on decedent's estate. However, when the question of the administrator's bond was raised, the brother-in-law was unable to procure a bond, whereupon the undertaker suggested that he take out letters of administration since he was able to obtain a bond. Accordingly the undertaker, as a creditor of decedent's estate, executed and filed a petition for letters of administration, furnished the necessary bond, and letters were accordingly granted to him. In the space provided on the blank form for petition for letters of administration for setting forth decedent's heirs and next of kin, there is named only decedent's wife. The petition further recites that decedent was possessed of personal property of the value of $100, and of no real estate. No renunciations were filed, and appellant had no notice that letters of administration were to be applied for. The register of wills testified that his practice in granting letters on estates involving foreign nationals, where the assets of the estate are $500 or more, is to notify the consul of the foreign country concerned before granting letters to any other person, and that the reason he did not so act in this case was that the entire assets were represented to be merely $100. Although in fact the assets of this estate are con-

siderably in excess of the amount set forth in the petition for the letters, and if the correct amount had been set forth the register would not have granted letters to the undertaker without first notifying appellant, these facts do not affect a decision on the merits of the case.

Notwithstanding this and other collateral questions raised, namely, as to whether the administrator knowingly misrepresented the size of decedent's estate in the petition for letters, and whether he has been guilty of neglect in his duties since qualifying, there is one and only one issue raised by this appeal and that is whether appellant rather than the present administrator is the proper person entitled to letters of administration in this estate.

Appellant claims as the source of his authority the Consular Convention between the United States and Sweden of 1911, invoked by virtue of the "most favored nation" clause in the Treaty and Consular Convention between the United States and Italy. Granted that the Kingdom of Italy enjoys "most favored nation" status and is entitled to all privileges conferred upon other nations notwithstanding the absence of the same express provisions in treaties and conventions with Italy, nevertheless, an examination of the pertinent parts of the numerous treaties and conventions with other nations, namely: Sweden (Convention of June 1, 1910, art. XV; Convention of March 20, 1911, art. XIV) ; Poland (Treaty of June 15, 1931, art. XXII, sec. 3) ; Paraguay (Treaty of February 4, 1859, art. X) ; Argentine (Convention of July 27, 1853, art. IX) ; Germany (Treaty of December 8, 1923, art. XXIV) ; Norway (Treaty of June 5, 1928, arts. XXII and XXIV) ; and Spain (Treaty of July 3, 1902, art. XXVII) ; discloses that such rights as foreign consuls may have to administer estates of decedents in this country are presupposed upon the express provision that the decedent be a "citizen", "national", "individual", "subject" or "countryman" of the nation represented by the consuls.

No case has been called to our attention where the consul of a foreign nation was granted letters of administration upon the estate of a citizen of the United States, such as this decedent was at his death, notwithstanding that the heirs and next of kin were all citizens and residents of the consul's country. Considerable research on our part has failed to supply the deficiency of cited authority. Two New York cases contain language, relied upon by appellant, which apparently supports the proposition that a foreign consul is entitled to letters of administration upon a resident intestate's estate simply because the heirs and next of kin entitled to distribution under the intestate laws all reside in and are citizens of the consul's country: Madaloni's Estate, 79 Misc. 653, 141 N. Y. Supp. 323, and Fiumara's Estate, 127 Misc. 794, 217 N. Y. Supp. 698. However, a careful reading of both cases as reported will disclose no mention of decedent's citizenship at death—whether he was a citizen of the United States or of Italy. If that were the law of New York, as appellant contends therefrom, it seems incredible that in Kassam's Estate, 141 Misc. 366, 252 N. Y. Supp. 706, a later case involving the right to administer the estate of a United States citizen whose sole heir was a sister residing in and a subject of Estonia, there should be a total absence, in a lengthy opinion, of even any reference to the possible right of the foreign consul to the administration. Indeed, Fiumara's Estate, supra, was cited by the court on another point, but the feature which interests us was completely ignored.

Aside from the authorities, or lack of them, there appears no good reason on principle why the United States should give or should expect to receive from other nations, however friendly and coöperative the relations, the right to consuls to administer the estates of persons who at death were citizens of the country where they resided.

This court holds that appellant, as representing the Kingdom of Italy of which all the heirs and next of kin

entitled under the Intestate Act of June 7, 1917, P. L. 429, to participate in the distribution of decedent's estate are citizens and residents, is not entitled to letters of administration upon decedent's estate, either by virtue of any treaty or convention between the United States and any other nation, or otherwise; and that therefore his appeal must be dismissed.

We are constrained however, because of other facts and circumstances of this case, which, while collateral to the issue at bar are nevertheless of importance to the whole problem of cases such as this, not to close discussion at this point as we well might and perhaps should. The court recognizes that the following is purely obiter, but we deem it of probable value to indicate what the law of Pennsylvania seems to be on these collateral questions.

The persons entitled to letters of administration are enumerated in section 2 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended. Such differences as there are between this act and its predecessor, section 22 of the Act of March 15, 1832, P. L. 135, 140, are insignificant here. In neither the present nor the former act is there any express requirement of residence in Pennsylvania as a condition precedent to the right to such letters, or any definite provision that nonresidence is a disqualification per se. Nevertheless the Supreme Court has held that a nonresident is incompetent to take out letters of administration: Sarkie's Appeal, 2 Pa. 157; Sharpe's Appeal, 87 Pa. 163; Frick's Appeal, 114 Pa. 29. All three cases were prior to the Fiduciaries Act of 1917, and the earliest, Sarkie's Appeal, bases that conclusion on sections 27 of the Acts of March 15, 1832, P. L. 135, 142, and March 29, 1832, P. L. 190, 197; Sharpe's Appeal and Frick's Appeal simply following Sarkie's Appeal without going into the reasoning therefor. Both sections 27 of these Acts of 1832 were expressly repealed by the Fiduciaries Act of 1917 and their provisions were not reënacted, except that section 53 (a) 4 is derived therefrom.

This section provides that the removal of any fiduciary from the State, or the failure of any fiduciary to have a known place of residence in the State, for a period of one year or more, is a ground for removal. However, the construction of this section as prohibiting the grant of letters of administration to a nonresident because want of residence subsequently may become a ground for removal, is definitely negatived by the Act of April 27, 1927, P. L. 475. It is observed by Judge Waite in Malinowski's Estate, 19 D. & C. 335, 337, that while this act does not expressly say that a nonresident may be appointed, it appears to have been passed in recognition of the growing practice throughout the State to do so. Even more persuasive is the unmistakable implication from the negative phrasing of the act that when a nonresident applicant for letters testamentary or of administration does file the required appointment of a resident attorney-in-fact, letters at least may—if not must—be granted such applicant. Thus nonresidence of an applicant for letters of administration, while requiring compliance with the condition imposed by the Act of 1927, supra, is no longer a disqualification per se, and the law laid down in Sarkie's Appeal, supra, does not prevail today.

But even when the Acts of 1832, supra, were in force the mere nonresidence and consequent disqualification of the person first entitled thereunder to letters of administration did not automatically entitle the next person in order of priority. The former could, notwithstandng his disqualification, nominate a suitable person whom the register would be bound to recognize and appoint even to the exclusion of the persons next entitled. Indeed this principle was recognized in Frick's Appeal, supra, one of the cases announcing nonresidence as a disqualification, Jones' Appeal, 10 W. N. C. 249, being relied upon. To the same effect are Shomo's Appeal, 57 Pa. 356, Padelford's Estate, 189 Pa. 634, and Malinowski's Estate, supra. It follows that if an incompetent person could

lawfully nominate a suitable person then, he may even more properly do so now.

In the principal case there was offered in evidence an agreed translation of a power of attorney by decedent's widow and children to Giovanni Di Silvestro, Esq., of the Philadelphia bar, whereby the latter is designated their attorney-in-fact and is given broad powers with respect to decedent's estate, including the express right to administer it. Applying to these further facts the principles above discussed, it appears that if Giovanni Di Silvestro, Esq., had petitioned for the revocation of these letters, his action would have been well taken. Although the widow was not disqualified by the fact of her non-residence, of course this does not mean that letters of administration should actually have been granted to her, as the extreme distance at which she resides would have rendered her action totally impossible. At the same time she was not given the opportunity to which she was entitled, namely, to nominate a suitable person to act for her, and the grant of letters to a creditor before such opportunity was afforded her was erroneous. But since the attorney-in-fact is not a party to the proceeding now before the court, and the only party appellant is, as already determined, not entitled by virtue of his office over the present administrator, the error cannot be corrected in this proceeding.

And now, September 26, 1935, the appeal of Pio Margotti, Royal Italian Consul General at Philadelphia, from the decision of the register of wills in refusing to revoke letters of administration granted to Vito M. Baldi, and the petition thereon, are dismissed, record costs to be paid out of the estate.

From Aaron S. Swartz, Jr., Norristown.