Laurence D. Wood, S.
This is a proceeding for revocation of letters of administration issued by this court to Louis J. Mínale as a creditor of the estate.
The decedent died a resident of Onondaga County, State of New York, leaving no surviving wife, children, grandchildren, father or mother, brothers or sisters or any other distributees except certain alien nonresidents of this State who claim to he nieces and nephews of the decedent and who are subjects of Italy and reside therein. It is the contention of the petitioner that as Consular Agent of Italy and a permanent resident of the City of Buffalo in the State of New York, he has a prior right to letters of administration, to any rights of creditors if the Public Administrator or County Treasurer has requested to he relieved of the duty of applying for letters of administration and such request has been granted by the Surrogate as was done in the present case. Petitioner relies on the treaty between the United States and Italy containing the so-called “ most favored nation ” clause (63 U. S. Stat. 2255), and on article IX, subdivisions (a), (b) and (d) of paragraph 2 of the Consular Convention between the United States and Costa Rica of March 15, 1950. The petitioner also relies for support of his position on the following cases: Matter of Scutella (145 App. Div. 156 [4th Dept.]); Matter of Fattosini (33 Misc. 18); Matter of Lobrasciano (38 Misc. 415).
The decedent, Simeone Colella, apparently at some time during his life was an Italian subject. However, we have examined the official naturalization records in the Onondaga County Clerk’s office and find that the decedent was legally naturalized an American citizen in Onondaga County on June 27, 1944, certificate No. 6157156. The authorities relied upon by petitioner might well apply if this decedent had died a subject of Italy and not an American citizen. However, this was not the case and all of the authorities cited by petitioner apply only to a case where the decedent died a subject of a foreign country and not an American citizen.
We grant that the petitioner herein as Consular Agent of Italy at Buffalo is entitled under the treaties cited to represent the alleged nonresident alien distributees as to all other rights they may have in this estate, but pursuant to section 94 of the Surrogate’s Court Act these nonresident aliens had no rights to letters of administration and no treaty can change the statutes of the State of New York by giving to a Consular Agent acting in behalf of nonresident aliens rights which the nonresident aliens themselves are expressly denied by a statute of the State *469 of New York. (Rocca v. Thompson, 223 U. S. 317; Matter of D’Adamo, 212 N. Y. 214.)
The petition of the Consular Agent of Italy at Buffalo to revoke the letters of administration heretofore issued in this estate to Louis J. Mínale is denied, without costs.