IN RE ESTATE OF S. J. FISHER, Deceased.    CLARA J. SCOTT ET AL., Appellants.

**Estates of decedents:** DISTRIBUTION: SALE OF PROPERTY. The execu-
1 trix of an estate, one-half of which went to her and the balance to a trustee for the benefit of others, is not required under penalty of personal liability to sell property which is paying a fair income, there being no estate debts, simply because the price is fluctuating on the market, but she may hold the same and make distribution of the property in kind where it can be done equitably.

**Removal of executors.** Where there is no ground for a charge of
2 mismanagement an executrix will not be removed nor required to give bond.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C. PLATT, Judge.

SATURDAY, OCTOBER 21, 1905.

THIS is an appeal from an order in probate. The record makes it appear that S. J. Fisher died testate in April, 1902, and that by his will Amanda K. Fisher, his widow, was nominated as executrix without bond. The will was duly probated, and Mrs. Fisher qualified as executrix May 29, 1902; the last publication of notice thereof being had on June 12, 1902. The estate was found to consist entirely of notes and bonds, and railroad, bank, and mill stocks, and all of the value of about $40,000. By the terms of the will, one-half of the estate was devised to the widow, Amanda K. Fisher. The remaining one-half was devised to a trustee named for the use and benefit of other persons, among whom

are Clara J. Scott and others, petitioners in this proceeding.

On June 30, 1903, Clara J. Scott, W. H. Scott, George Scott, and Neva Scott, as beneficiaries under the trust provision of the will, filed in the proceedings in probate their petition charging the said Amanda K. Fisher, executrix, with failure to properly execute the trust confided to her with prudence, fidelity, and diligence, and that her conduct in such respect was actuated by express malice toward these petitioners. The prayer of the petition is that the executrix be removed as such, and that she be required to account to the estate for all loss thereto occasioned by her failure to properly perform her duties. If not ordered removed, it is the further prayer that she be required to give bond in the sum of $40,000. The order entered denied the relief in form as prayed for, and the petitioners appeal.— *Affirmed.*

*Cook & Leach,* and *Roy A. Cook,* for appellants.

*Lake & Harmon,* for appellee.

Bishop, J.— I. On June 11, 1903, Mrs. Fisher made report of her doings as executrix, reporting, among other things, the property on hand. In addition to certain notes, bonds, and bank and mill stock, the report shows on hand shares of railroad stocks as follows: Illinois Central, 57 shares; Louisville & Nashville, 20 shares; Union Pacific, 20 shares; St. Louis & Southwestern, 40 shares. Further, the report recites that but one claim — in the nature of a demand for the return of specific property — had been filed against the estate, which claim was being contested; that all expenses, etc., had been paid. Allegation is made by the instant petitioners that the railroad stocks on hand were hazardous property; that the same were fluctuating in value every day, and were likely to and did depreciate in value; that this was well known to the executrix, notwithstanding all which she failed and neglected to make sale thereof dur-

ing the year following her appointment; that her conduct in such respect was prompted by malice toward petitioners as beneficiaries under the will, and with intent to injure them in their property rights and interests. Proof was made that all the stocks were regularly quoted as to values on the stock market, and that during the year there had been a raise in such quoted values, after which there had been a decline, so that at the time of the trial all were somewhat less in value than at the beginning of the year. The precise form of relief demanded by the petitioners is that, because of her conduct, the executrix should be held liable to the estate for the highest market value which the stocks attained at any time during the year.

To begin with, we may say that there is no sufficient proof that the conduct of the executrix was dominated by actual malice. It may be admitted that ill feeling existed between her and the petitioners, and this found expression on several occasions; but it does not appear that such had any controlling influence in respect of the particular matters now complained of. Of course, we need not consider what result might have followed, had the facts been otherwise.

Passing, now, to what seems to be the principal questions in the case, we find no difficulty in reaching the conclusion that the relief demanded by the petitioners was prop-

1. ESTATES OF DECEDENTS: distribution; sale of property.

erly denied by the trial court. It is made to appear that the stocks and bonds had been held by the testator as an investment, and not for any purpose of speculation; further, that the same paid by way of interest or dividends a fair profit on the investment, and this, as to the stocks, was not affected by the fluctuations in value on the New York stock market. Now the duty of executrix was simply to carry out the provisions of the will, and in respect of this she was subject at all times to the directions and orders of the court. In this state the manner of procedure in such cases is regulated in general by statute. An examination discloses no provision requiring

that personal property coming into the hands of an executrix shall be sold or converted into cash within any fixed period of time from date of appointment. But " the court, on application of the executor, from time to time shall direct the sale of such portions of the personal effects as are of a perishable nature, or which from any cause would otherwise be likely to depreciate in value, and also such portions as are necessary to pay off the debts and charges upon the estate." Code, section 3322.

One year is allowed within which claims against an estate may be filed, and it may well be considered as the duty of an executrix to be prepared within a reasonable time thereafter to pay all such as are approved, together with legacies and other charges upon the estate. And if a sale of personal property be necessary therefor it would be her duty, without doubt, to make timely application for an order authorizing such to take place. But here there were no debts, and there were no charges upon the estate payable by specific direction in money. One half of the estate, whether personal or real, or if consisting of both, went to Mrs. Fisher, and the other half to a trustee for the use and benefit of others, among whom were the petitioners. Now, in view of the character of the property in hand, the strict necessities of the case did not require that a sale be made. No good reason occurs to us why the executrix might not discharge her trust by simply making division of the shares of stock in question. Applicable by analogy, at least, is the rule of the statute which requires that, in the matter of the estate of an intestate, distribution shall be made in kind, where such can be satisfactorily and equitably done. Code, section 3364. .

There is, then, no force in the contention of appellants, unless such arises upon consideration of the particular provisions of Code, section 3322. With respect thereto, it may be conceded that an executor, finding himself in possession of property of a perishable nature, or of property which was likely to depreciate in value unless immediately disposed of,

would be chargeable with the duty of appearing forthwith before the court with an application for leave to sell; and, for that matter, it would seem to be, the part of ordinary business prudence to so proceed, even though the statute book contained no requirement in terms on the subject. But by the expression, " likely to depreciate in value," as used in the statute, nothing more was meant, as we think, than some permanent loss to the property in whole or in part. Most certainly it was not intended thereby to require under penalty of personal liability an immediate sale of all property subject to fluctuations in market value, and solely because thereof. Indeed, by inexorable law of the world of commerce, every species of personal property which is the subject of barter and sale is held to respond to the frequent, if not daily, fluctuation in market values; and, if an executor were bound at his peril to guard against such, there would be as much reason in holding him to a liability for selling too soon as there would be in mulcting him in damages for having held too long. In any event, the subject cannot be governed by a hard and fast rule. Reasonable business prudence is all that is required at the hands of one managing an estate. " He is not, however, a guarantor of the safety of the property, but he must act with such prudence and diligence as are generally observed by prudent men of intelligence and discretion in regard to their own affairs." 11 Am. & Eng. Ency. Law, 944.

As already stated, the stocks which are the subject of the instant controversy were held as an investment, and not only Mrs. Fisher, but others interested, may, and it would seem did prefer to take the same in distribution in preference to cash. There was no request made by petitioners for a sale, and there was no trustee appointed to whom an accounting could be made until after the close of the year. Moreover, the trustee named in the will, and who subsequently qualified, is a banker of long experience. He was the friend and business associate of the testator during his lifetime, and was

well advised as to the conduct of affairs by the testatrix after she took charge of the estate. We may accept this as an indication, especially in the absence of anything to the contrary, that the course of proceeding by the executrix was not so far opposed to good business principles as to call for the harsh treatment now sought to have applied.

II. As we do not find any ground upon which to charge mismanagement, there can be no reason for a sum-

2. REMOVAL OF mary removal of the executrix, nor for requir-
EXECUTORS. ing a bond at her hands.

The order of the court below having our entire approval, it is *affirmed*.