### IN RE ESTATE OF THOMAS H. DONLON.

**EXECUTORS AND ADMINISTRATORS:** Removal—Jurisdiction.
1  Jurisdiction to remove an administrator is furnished by an application by the surety on the bond wherein he prays for an order (1) removing the administrator *or* (2) requiring the filing of a report and the making of distribution, when notice of the application is duly served on all interested parties and when no part of the prayer has been withdrawn of record. The filing of a *report*

under a mutual arrangement between the parties does not exhaust the jurisdiction of the court.

**JUDGMENT: Vacation—Necessity for Defense.** Judgments, orders, or findings by the court will not be set aside in the absence of a showing of defense. (See Book of Anno., Vol. 1, Sec. 12796.)

**EXECUTORS AND ADMINISTRATORS: Removal—Surety As Applicant.** A surety on the bond of an administrator has such "interest in the estate" as empowers him to make application for the removal of the administrator, even though such surety has taken steps to terminate his future suretyship.

**DISMISSAL AND NONSUIT: Voluntary Dismissal—Nonrecord Dismissal.** An application by the surety on the bond of an administrator wherein the prayer was (1) for the removal of the administrator *or* (2) for the filing of a report, may not be deemed dismissed, in so far as the prayer for removal is concerned, simply because the surety informed the administrator that he (the surety) would not insist on an order of removal, such matter not being made a matter of record. (See Book of Anno., Vol. 1, Sec. 11562, Anno. 2 *et seq.*)

**EXECUTORS AND ADMINISTRATORS: Removal—Failure to Hear Evidence.** An order by the court removing an administrator will not necessarily be deemed invalid because the court did not formally receive any testimony.

**JUDGMENT: Vacation—Insufficiency of Showing.** An order removing an administrator will not be vacated (1) when there is no showing that the administrator has any defense to the order, (2) when the extent of his liability to the estate as found by the court is admitted to be correct, (3) when he has held the estate open beyond the time contemplated by law, and (4) when he is largely indebted to the estate and is financially embarrassed.

**EXECUTORS AND ADMINISTRATORS: Accounting—Findings by Court.** Whether a *mere finding* by the court as to the extent of the administrator's liability to the estate, entered on an application by the surety to remove the administrator, is an adjudication binding on the surety on the bond, *quaere.*

Headnote 1: 23 C. J. p. 1122 (Anno.) Headnote 2: 34 C. J. p. 329.
Headnote 3: 23 C. J. p. 1118. Headnote 4: 23 C. J. p. 1123 (Anno.)
Headnote 5: 23 C. J. p. 1122. Headnote 6: 23 C. J. p. 1122 (Anno.)
Headnote 7: 23 C. J. p. 1122 (Anno.)

*Appeal from Clayton District Court.*—H. E. TAYLOR, Judge.

JANUARY 12, 1926.

REHEARING DENIED APRIL 9, 1926.

THIS is a proceeding in probate in the estate of Thomas H. Donlon, deceased, to set aside and vacate the finding and order of the court removing the administrator. Separate motions were filed by the administrator and by the United States Fidelity & Guaranty Company, the surety on his bonds, to set aside and vacate an order entered on February 2, 1924, finding the personal liability of the administrator to the estate to be a particular sum, and ordering his removal, and that he turn over the assets in his hands to his successor, whom the court appointed on the same day. Both motions were overruled, and the parties above named appeal.—*Affirmed.*

*V. T. Price,* for appellant J. F. Kelly.

*Miller, Kelly, Shuttleworth & McManus,* for appellant United States Fidelity & Guaranty Company.

*D. W. Meier* and *E. H. Estey,* for appellees.

STEVENS, J.—This controversy grows out of the settlement of the estate of Thomas J. Donlon, who died intestate, November 23, 1920. The net estate, consisting largely of notes, mort-

1. EXECUTORS AND ADMINISTRATORS: removal: jurisdiction.

gages, and other securities, amounted to approximately $60,000. J. F. Kelly, an old friend of decedent's, who resided at Britton, South Dakota, and who had been intrusted with the loaning of his money, was appointed administrator. After qualifying, he gave a bond in the sum of $10,000. Later, he was removed, and reappointed, this time giving a bond signed by the United States Fidelity & Guaranty Company of Baltimore, Maryland, as surety, in the penal sum of $75,000. The inventory, which was filed December 23, 1920, showed that Kelly was indebted to the estate, as evidenced by his unsecured promissory notes, in a considerable amount. On March 21, 1922, the administrator filed an intermediate report, showing his indebtedness to the estate, including interest, to be approximately $40,000, and disclosing a

net estate of $61,149.21. A second intermediate report, showing the account to October 1, 1923, was filed, to approximately the same effect. On May 31, 1923, the guaranty company gave notice to the clerk of the district court of Clayton County, where the estate was pending, that it elected to terminate its liability upon the bond, and that the same would be canceled upon the expiration of thirty days after such notice. Sections 1177-a, 1177-b, Code Supplement, 1913. On December 5, 1923, the United States Fidelity & Guaranty Company, appearing in its own behalf and for the benefit of others interested in the estate, filed a petition in the district court, asking that a citation issue to the administrator, requiring him to appear and answer such petition and to show cause why he should not be removed from his trust; that the court prescribe the notice to be given him, together with the time and manner of service; that, upon the hearing, the court order his removal, or require him to make final report and settlement; that the assets be divided and distributed among the heirs, under the direction of the court; and that its bond be exonerated. On the following day, notice, signed by the guaranty company by its attorneys, of such petition and the hearing thereon, was served upon all having an interest in the distribution of the assets of the estate. Notice and citation were also promptly issued to the administrator, and on December 7th served upon him by the sheriff of Marshall County, South Dakota. The notice and citation fixed December 14th as the date for the hearing. At the time fixed, all parties appeared in person and by attorney, or by attorney only; and, after a conference between court and counsel, the administrator was ordered to file a final report. This he did on the following day, together with a petition of discharge. In his petition he asked that the assets of the estate be divided among the widow and heirs in kind, and that he be released and discharged as administrator, and his bond exonerated. The account current attached to the final report disclosed an indebtedness to the estate on the part of the administrator of something over $3,800.

Delbert W. Meier was appointed guardian *ad litem* for the minor heirs, and on December 19th, the hearing on the final report was ordered continued until February 1, 1924. On the

latter date, Meier filed objections to the final report, together with a petition for the removal of the administrator. Kelly did not appear on February 1st or the following day, when the court, without hearing oral evidence, signed an order for his removal from office. The order further recited that D. D. Murphy & Son, attorneys residing at Elkader, appeared for the administrator. There was, however, a controversy on this point, and we gather from the record that the senior member of the firm stated in open court that neither he nor his firm appeared for the administrator; that he then represented only the widow and heirs at law; that the interest of the administrator apparently conflicted with the interest of his clients; and that he could not represent him. A few days later, D. D. Murphy & Son filed a statement in writing, reciting their position in the matter in substance as stated above.

The order of the court entered February 2, 1924, found that the personal liability of J. F. Kelly to the estate amounted to $40,001.17, and that he held other securities belonging thereto, as shown by his report; and ordered that he be removed as administrator, and that D. W. Meier be appointed as his successor; and directed Kelly to turn over to Meier the amount of his personal liability to the estate and all other assets thereof. No one appearing for Kelly, no exception was given by the court to this order. On March 22, 1924, a motion was filed to set aside and vacate the order removing him as administrator, upon the grounds that the petition of the United States Fidelity & Guaranty Company conferred no jurisdiction upon the court, for the reason that its liability on the bond had been terminated by notice and cancellation, and that it was not interested in the estate; that, in any event, the petition thereof asked relief in the alternative only,—that is, that the administrator be required to file a final report *or* that he be removed; that, as a final report was promptly filed, the court lost its jurisdiction to proceed further on the petition; that the order of removal was wholly void and of no effect; that no notice was served upon him of the filing of objections to his report and of the prayer for his removal; that he did not have his day in court or an opportunity to be heard on such objections and petition for removal; that he was entitled to a jury trial; that no jury

was in attendance upon the court when the order was entered; that the action of the court was arbitrary, and deprived him of certain of his constitutional rights. This motion was prepared by one of the attorneys for the United States Fidelity & Guaranty Company, and is supported by his affidavit and the affidavit of another attorney of record for such company.

On the same day, a motion was also filed by the guaranty company to strike the following language from the court's order of February 2d, to wit, "adjudged that the personal liability of J. F. Kelly to estate now amounts to $40,001.17," and also the following: "J. F. Kelly is ordered to turn over to said D. W. Meier within ten (10) days after said Meier qualifies as such administrator, the said amount of his personal liability to the estate and all other property of the estate," and all other portions of said order in which the court sought to fix or adjudicate the personal liability of J. F. Kelly to the estate. The motion also set up that both Kelly and the guaranty company were deprived of their right to be heard, and of their day in court, and that the action of the trial court was unwarranted, arbitrary, and without jurisdiction. Both motions were overruled, with exceptions. Thereupon, J. F. Kelly and the United States Fidelity & Guaranty Company appealed from the ruling and order of the court overruling the above motions to set aside and vacate the order of February 2, 1924.

It has at no time been claimed by anyone, and is not now, that the personal liability of J. F. Kelly to the estate is not correctly stated in the inventory of the estate's assets and the intermediate and final reports. Amendments to the original abstract of appellants were filed by both parties, in which portions of a deposition by J. F. Kelly, taken November 10, 1924, at Britton, South Dakota, are incorporated. It appears from the amendment to the abstract filed by appellees that Kelly admitted in these depositions that he is indebted to the estate to the extent and in the manner shown by his final report.

I. Section 4091 of the Code of 1897 provides the grounds upon which an application to modify or vacate a judgment or

order after the term may be based, and Section 4096 provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a defense to the action in which the judgment has been rendered. None of the grounds enumerated in Section 4091 are contained in the separate motions of appellants, nor was any showing made as to what facts the appellant Kelly relies on as a defense to the petition for his removal. In this situation, the question for this court to decide is: Did the court below have jurisdiction to make the order of February 2d? If so, it must stand. Otherwise, it must be set aside.

2. JUDGMENT: vacation: necessity for defense.

The real bone of contention on the part of the bonding company is that the court did not possess jurisdiction or authority to adjudicate the personal liability of Kelly to the estate, or to order the assets thereof turned over to his successor. Whether the finding and order of the court, if valid, has the effect of an adjudication on this point at this time, we have no occasion to discuss. The record does not show that a formal judgment was entered against Kelly for any amount.

Section 3417 of the Code of 1897 provides for the filing of a petition by any person interested in the estate, for the removal of an administrator for the reasons and upon the grounds enumerated in the preceding section. The guaranty company, at the time of filing its petition for Kelly's removal, must have proceeded on the theory that its liability as surety gave it such an interest in the estate as that it might, for its own protection, petition for the removal of the administrator. The mere fact that it had given notice of its election to terminate the bond would not, in itself, remove its interest in the preservation of the estate. The assets were still in the hands of the administrator; and, if a good cause for removal existed, appellant was quite directly interested in having the assets turned over to someone else. No authorities are cited by either party upon this point, and we see no reason why the interest of the bonding company in the preservation of the estate's assets was not such as to give it the right to show cause for the removal of the administrator. But it is also contended that the prayer of its petition was in the alternative, and that it asked that the administrator be required

3. EXECUTORS AND ADMINISTRATORS: removal: surety as applicant.

to make a final report and distribution *or* that he be removed from office. In order that there may be no question as to the language of the petition on this point, we incorporate the prayer in full, as follows:

"Wherefore, your petitioners pray that the courts make and enter an order that a citation shall issue to the said J. F. Kelly, administrator, requiring him to appear, and answer the complaint of your petitioners, and show cause why he should not be removed from his trust, and, as he is a nonresident of the state of Iowa, prescribing the notice of such citation, and prescribing the time and manner for serving said notice and the time the said J. F. Kelly shall appear in this court; and the petitioners ask that, upon said hearing, the court make an order removing such administrator, or that the court make an order requiring him to make final settlement and accounting, and that the assets of said estate be equitably divided and distributed among the heirs, under the direction of the court, and that said estate be closed, and that the United States Fidelity & Guaranty Company be released, discharged, and exonerated from liability on its bond."

The notice signed by appellant by its attorneys, which was served upon the widow of deceased and the heirs of the estate, recited that the petition was on file in the office of the clerk of the district court of Clayton County "asking, among other things, for the removal of J. F. Kelly, as administrator of the estate of Thomas H. Donlon, deceased, and that he be required to make a final report and accounting as such administrator, and to distribute among those entitled thereto the assets of said estate, and that said estate be closed and terminated."

The citation issued to Kelly by the clerk and served upon him was to the same effect. It thus appears that the relief sought, as interpreted by appellant, was, among other things, that the administrator be removed. Whatever hearing was had on December 14th was in the shape of a conference between court and counsel, no testimony being taken. The hearing on the final report was continued by the court, as stated above, on December 21, 1923, until February 2, 1924. No record was made of the withdrawal or dismissal of any part of appellant's petition for removal.

It is, however, urged by counsel for appellant bonding company at this point that, immediately prior to the filing of the administrator's final report, counsel informed C. F. Murphy, one of the attorneys then representing the administrator, that, if a final report and account were filed at once, the bonding company would not insist upon his removal, and that, upon presenting the matter to the court, counsel would say to the court that the removal of the administrator would not be asked by appellant; and that the proceedings which followed on December 15th were in accordance with the above understanding. This arrangement is shown by the affidavit of one of appellant's counsel, attached to the administrator's motion to vacate and set aside the order complained of. No record was made of this understanding or of what occurred in open court. One of the attorneys for the appellant bonding company was present February 2d, and made vigorous objection to the court's acting upon the petition for removal, and to its authority to make a finding as to the personal liability of J. F. Kelly to the estate; but it does not appear that the court's attention was called to the alleged arrangement or agreement between counsel for Kelly and the bonding company, respectively, to which we have already referred. The jurisdiction of the court at that time was challenged upon the ground that the administrator had not been notified of the filing of objections to the report, and of the further petition for removal by the guardian *ad litem* of the minor heirs and by others interested in the estate. Counsel for the appellant bonding company on February 2d called the court's attention to the fact that it was not ready for trial; that it appeared from exceptions filed to the final report that Kelly was probably insolvent; and that the company desired to make a further showing as to that matter. The court refusing to defer the hearing, counsel filed a motion for continuance, setting up the absence of necessary witnesses to prove the insolvency of Kelly at the time the bond was given and subsequently thereto, and stated that witnesses whose names were then unknown to the affiant could and would be produced, or their testimony taken, in time for a hearing at the ensuing term of court. The motion was filed, with permission of the

court; but, as it was not ruled upon, no exceptions could be taken.

We have already referred to the statement filed by D. D. Murphy & Son shortly after the hearing on February 2d, to comply with the promise of counsel made at the time of the court's ruling. This firm had appeared at all prior stages of the proceedings for the administrator, including the proceedings of December 14th and 15th. Believing that Kelly should be present for the hearing on February 2d, and perhaps still regarding themselves as his attorneys, they wired him, advising that he be present. Before the date on which it was heard, they were advised by Kelly by letter that he could not come. The exceptions and objections to the final report were filed February 1st. It then appeared to Murphy & Son that there was a conflict in the interests of their clients, the widow and heirs of the estate, and what might be the position and claim of the administrator. Thereupon, the court was informed by them that they did not then appear for the administrator, even for the purpose of preserving exceptions to the court's rulings.

We are, therefore, of the opinion that, in so far as a petition for removal filed by the guardian *ad litem* and others on February 1st is concerned, Kelly did not have notice, nor was he represented by counsel. It was not necessary, however, that he be served with notice of the filing of objections to his final report. If, therefore, the court had jurisdiction to remove the administrator, it must have been upon the petition of the bonding company. The contention of counsel that relief was sought only in the alternative, and that, when the court ordered the administrator to file final report, it lost jurisdiction of all other matters set up in the petition, is not well taken. The jurisdiction of the court to proceed on February 2d does not appear to have been challenged on this ground, nor is any mention made thereof in the motion for continuance. If the court lost jurisdiction to remove the administrator, it was because of the dismissal or withdrawal of the prayer of the petition of the bonding company therefor. As already pointed out, this portion of the relief sought was not withdrawn or dismissed of record.

Nothing is left, therefore, on this point except the question

as to whether the arrangement between counsel for the bonding company and the administrator, to which we have already referred, operated as a dismissal thereof. We think nothing further was shown on this point than that the bonding company let it be known that it would not insist upon the removal of the administrator. This did not, however, operate as a dismissal of the petition. The petition was of record, and the court appears to have taken notice of its allegations and to have acted thereon; and we see no way of avoiding the finding of the court that it had jurisdiction. As already stated, the only way in which the matter was made of record was by the affidavit of counsel attached to the motion of the administrator to vacate or set aside the order in question. The matter was all heard before the same judge, who was in a position to pass upon the affidavits and to determine what oral proceedings were had on February 2d. The finding of the court on these matters cannot, without a complete record, be reviewed upon appeal.

4. DISMISSAL AND NONSUIT: voluntary dismissal: nonrecord dismissal.

II. No testimony was taken on February 2d; and it is further urged by counsel for appellants that the statute contemplates a hearing upon a petition to remove an administrator, and that evidence must be heard upon the allegations thereof. This is, no doubt, true, and the court should hear evidence in such proceedings. *In re Estate of Brown,* 113 Iowa 351; *In re Estate of Bagnola,* 178 Iowa 757.

5. EXECUTORS AND ADMINISTRATORS: removal: failure to hear evidence.

The record before the court consisted of the various reports and accounts filed by the administrator. The estate had been held open much longer, doubtless, than it should have been. The administrator was a nonresident, and heavily indebted to the estate. In addition, there were two petitions for removal. The one last filed could not properly be heard, for the reason that the administrator did not have notice thereof; but it was proper for the court to consider it, in connection with the prior petition for removal, for some purposes. For instance, it represented the concurrence of the heirs in the prayer of said petition. The failure to hear evidence was, of course, irregular; but, in view of the state of the record, we

are not persuaded that such failure goes to the question of jurisdiction.

Now, on the merits, little need be said. There is nothing in the motion of the administrator to vacate and set aside the court's order, indicating that he has a defense to the petition for removal, or that he should not be removed. It appears of record, without objection, that Kelly, in a deposition taken subsequent to the ruling complained of, conceded that he is indebted to the estate in the amount shown by his final report. Kelly, therefore, suffered no prejudice by the ruling. He has not turned over any part of the assets of the estate to his successor. It is our conclusion that the court had jurisdiction to make the order complained of, and that, as no showing was made by him, in his motion to vacate, that the amount found due is not correct, or of other prejudice to him, the order will not be set aside.

6. JUDGMENT: va-
cation: insuf-
ficiency of
showing.

We desire to make clear that nothing we have said in this opinion is intended to be construed as a holding that the mere finding of the court below as to the extent of the personal liability of Kelly to the estate is, or is not, an adjudication against, and binding upon, the appellant bonding company. This question is not involved, and we refrain from making any suggestion, or from expressing an opinion thereon.

7. EXECUTORS AND
ADMINISTRATORS:
accounting:
findings by
court.

Counsel for appellants suggest in argument that certain of their constitutional rights were invaded by the court's order, and that they have never had their day in court. Kelly had notice of the allegations of the petition for removal, as filed, and voluntarily absented himself from the hearing; and he cannot complain.

We have carefully examined the entire record, and carefully considered the many points urged by counsel, and reach the conclusion that the court did not act without jurisdiction, and that, therefore, no ground for reversal is shown.—*Affirmed.*

DE GRAFF, C.J., and FAVILLE and VERMILION, JJ., concur.